IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAMONTAY PRIDE,

  Petitioner,

  v.

FACILITY ADMINISTRATOR,

  Respondent.

Civil Action No.: BAH-23-3298

## MEMORANDUM OPINION

Petitioner, Kamontay Pride, filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Maryland Reception, Diagnostic and Classification Center ("MRDCC"). ECF 1. Petitioner also filed a Motion for Leave to Proceed in Forma Pauperis, ECF 2, which is granted. Petitioner is requesting the Court intervene to instruct Maryland State courts to set another bail review so that Petitioner may have the opportunity to post bail and be released from confinement. ECF 1, at 6.

Petitioner was arrested on September 25, 2023, for possession with intent to distribute and related charges. ECF 1, at 7. At the time of the filing of the present petition, Petitioner was being held without bail. *Id*. While Petitioner was represented by counsel in the criminal proceeding, Petitioner filed the present petition pro se. ECF 1, at 2. Petitioner sought a bond hearing so that Petitioner could be released on an unsecure bond or home monitoring. *Id*. at 7.

Review of the Baltimore City Circuit Court docket as it pertains to Petitioner reveals that Petitioner was charged with a single count of possession with intent to distribute narcotics. *Case Information*, Maryland Judiciary Case Search, https://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis (last visited Feb. 9, 2024)

(case number 123291020). On January 29, 2024, Petitioner pleaded guilty and received a sentence of five years, suspend all but time served, with three years of supervised probation. *Id.* (noting four years, seven months and two days as the suspended time, when Petitioner had been in custody since September 25, 2023, for four months and four days).

As Petitioner's state case is currently closed and he is released on his own recognizance, the present Petition is moot and is dismissed. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (finding a court is deprived of jurisdiction over a case when the case becomes moot); *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (explaining that mootness is jurisdictional and the court must consider it even when no party has raised the issue); *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013) ("Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings.").

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversaries." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). This means that, throughout the litigation, a plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). "If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693–94 (4th Cir. 1983). A case no longer presents an actionable controversy and thus becomes moot when it

is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012)).

"As a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Dixon v. Thompson*, Civ. No. 3:23- 119, 2023 WL 3372379, at *1 (M.D. Pa. Apr. 24, 2023) ("[O]nce a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release."). In this case, Petitioner requested injunctive relief, namely that the Court order a Maryland state court to conduct a second bail hearing. ECF 1, at 6. As Petitioner essentially sought to secure his release from prison, and has now done so, it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012)). *See McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113–14 (4th Cir. 2003) (affirming dismissal of § 2241 petition as moot, where petitioner sought immediate transfer from prison to half-way house, and petitioner received transfer prior to consideration by Court of Appeals); *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (dismissing § 2241 appeal as moot because prisoners had received the requested relief of placement in an RRC).

A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the Petitioner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565

U.S. 134, 140–41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Upon a review of the record, this Court finds that Petitioner has not made the requisite showing.  The Court therefore declines to issue a certificate of appealability.  Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  Fed. R. App. P. 22.

    For the foregoing reasons, the Petition is dismissed as moot and a certificate of appealability will not issue. A separate Order follows.

| | |
|---|---|
| February 9, 2024 | /s/ |
| Date | Brendan A. Hurson<br>United States District Judge |